IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **MITCHELL FANNIN AND CHRIS YOUNG,**<br><br>Plaintiffs,<br><br>vs.<br><br>**AMBASSADOR PERSONNEL, INC.,**<br><br>Defendant. | **CIVIL ACTION FILE NO.:**<br>3:15-cv-70-TCB<br>_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COME NOW, Plaintiffs Mitchell Fannin and Chris Young (hereinafter collectively "Plaintiffs"), in their Complaint against Defendant Ambassador Personnel, Inc. (hereinafter "Ambassador") and show the Court as follows:

### THE PARTIES AND JURISDICTION AND VENUE

1.

This is an action arising out of the Fair Labor Standards Act (the "Act" or "the FLSA"), 29 U.S.C. §§ 201-216. Plaintiffs are all residents of the State of Georgia and are all former employees of Ambassador, which was the FLSA employer of Plaintiffs for the relevant period of time. Plaintiffs served in the capacity of drivers while working for Ambassador, and were paid varying hourly amounts of $12.00 to $13.50 per hour. Plaintiffs bring this action to recover from

Defendants unpaid regular time compensation, overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 216(b), as described below.

2.

Between the commencement of Plaintiffs' employment through the termination of their employment, Plaintiffs worked between 40 to 72 hours per week on most weeks.  However, Defendant had a known and stated (by Defendant) policy of not paying time and one-half for hours worked over 40 hours weekly.  Consequently, Plaintiffs were never paid time and one-half wages for any hours worked over 40 hours weekly as required by the Fair Labor Standards Act.

3.

At all times relevant hereto, Ambassador was and is a Georgia corporation doing business in this judicial district with an office located at 603 3rd Ave, West Point, Georgia 31833.  The wage and hour violations alleged herein all occurred in this District.  Defendants are subject to actions of this kind and nature and may be served by Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service.

4.

Defendants' business activities involve those to which the Fair Labor Standards Act applies, and Defendants are an employer under the FLSA, 29 U.S.C. 203.

5.

This Court has original jurisdiction upon the Plaintiffs' claims, based upon the Plaintiffs' FLSA allegations, and pursuant to 28 U.S.C. §1331 and §1337. Venue is proper in this Court under 28 U.S.C. §§1391(b) and (c).

## FACTS COMMON TO ALL COUNTS

6.

Defendant is a staffing company that hired Plaintiffs to be "local" delivery drivers on set, consistent intrastate delivery runs. Plaintiffs had the right to accept or reject work assignments from Defendant at their discretion. Defendant employed Plaintiff Fannin from September 2012 – April 2013 and Plaintiff Young from May 2012 – February 2013.

7.

Plaintiff Fannin had an eye condition that limited him to intrastate driving activities only and he was only granted an intrastate commercial driving license by the Georgia Department of Driver Services. Accordingly, Fannin could only drive intrastate routes. Defendant was aware of this, and accordingly assigned him to a

set, consistent intrastate route delivering interior door panels and empty racks from Lagrange, Ga. to the Kia plant in West Point (8 mile trip) and back.  Plaintiff made many trips per day and was required to work six days a week, and typically 60-70 hours a week.

8.

Plaintiff did not leave the state of Georgia.  However, Defendant failed to pay Plaintiff Fannin any overtime premium(s) even though Defendant knew that this would be a violation of the FLSA.  Defendant's violation was willful.

9.

Plaintiff Young advised Defendant that he only wanted to drive a local route, and accordingly was placed in a delivery route delivering various small vehicular parts and empty racks a very short distance (750 yards) to and from a warehouse in West Point to and from a Movis facility in West Point.  Plaintiffs could not reasonably have been expected to make interstate runs at all, or had only a remote possibility of doing so, which he alone controlled.

10.

Plaintiff Young did not leave the state of Georgia.  However, Defendant failed to pay Plaintiff Young any overtime premium(s) even though Defendant knew that this would be a violation of the FLSA.  Defendant's violation was willful.

11.

The goods transported by Plaintiffs were a new commodity, one that had been materially changed in character, utility, and value upon delivery.  Similarly, the automotive items shipped to nearby intrastate locations were combined with other products to become a new commodity, one that had been materially changed in character, utility, and value.  As such, these shipments did not constitute a practical continuity of movement between the intrastate segment and the overall interstate.

12.

Further, Defendant would not accurately record hours worked in a single work week, and would commonly "roll over" hours worked in a single work week and treat them as work for the following work week.  As such, for this and other reasons, Defendants failed to comply with the payroll record-keeping requirements of the FLSA, specifically 29 U.S.C. § 211(c) and 29 CFR Part 516.

## COUNT I – FLSA VIOLATIONS

13.

Plaintiffs re-allege paragraphs 1 through 14 and herein incorporate them by reference to this count.

14.

Defendant's policies, as stated above, have caused Plaintiffs to be deprived of wages due to them.

15.

Defendant's policies as stated above, constitute a violation of the FLSA, 29 U.S.C. 207, requiring a time and one half to be paid for all hours worked over forty (40) in a given week, and a violation of the regulations promulgated thereunder by the Department of Labor.

16.

Pursuant to 29 U.S.C. 216(b), Defendant is liable to Plaintiffs in the amount of their unpaid wages, an additional amount as liquidated damages, and their reasonable attorneys' fees and costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully pray this Court grant the following relief:

a. A trial by jury pursuant to Fed. R. Civ. P. 38(b);

b. An award of past due wages for all Plaintiffs for the three years preceding the filing of this complaint, together with interest thereon;

c. That the Court award Plaintiffs liquidated damages, together with interest thereon, for the violations of state law alleged herein;

d. That this Court issue a permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

e. That this Court award Plaintiffs their reasonable attorneys' fees and expenses of litigation;

f. That Plaintiffs be awarded prejudgment interest, their costs and disbursements herein; and

g. That Plaintiffs be awarded appropriate damages and attorneys' fees and expenses of litigation for the violations of state law alleged herein.

h. Any and other such further relief this Honorable Court or the Finder of Fact deems equitable and just.

This 21st day of April, 2015.

Respectfully submitted,

By: /s/ Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
Email: drk@hkw-law.com
*Attorney for Plaintiffs*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358

# CERTIFICATION UNDER L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1.D, the undersigned counsel for Plaintiffs hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

So certified this 21st day of April, 2015.

                                  Respectfully submitted,

                          By:   /s/ Douglas R. Kertscher
                                Douglas R. Kertscher
                                Georgia State Bar No. 416265
                                Email:   drk@hkw-law.com
                                *__Attorney for Plaintiffs__*

**HILL, KERTSCHER & WHARTON, LLP**
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Facsimile: (770) 953-1358